An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-328

Filed 4 March 2026

Rowan County, No. 21CR053892-790

STATE OF NORTH CAROLINA

v.

ORFANEL CURIEL-PEREZ, Defendant.

Appeal by defendant from judgment entered 2 August 2024 by Judge Clifton Smith in Rowan County Superior Court. Heard in the Court of Appeals 11 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Robert C. Ennis, for the State.*

> *Mark Montgomery, for the defendant-appellant.*

DILLON, Chief Judge.

Defendant Orfanel Curiel-Perez was convicted of statutory rape and statutory sexual offense against his niece. On appeal, Defendant contends the trial court erred when the court denied his motion to dismiss for insufficiency of the evidence. We hold Defendant received a fair trial, free of reversible error.

I.     Background

Defendant was indicted for various sex crimes against his stepdaughter, Diane, and niece, Annie. The jury acquitted Defendant on Diane's claims but found Defendant guilty of statutory rape and statutory sexual offense of Annie. Defendant appealed.

## II.    Analysis

Defendant argues the State's evidence was insufficient to convict him.

### A.  Standard of Review

We review a denial of a motion to dismiss de novo. *State v. Cox*, 367 N.C. 147, 151 (2013). When examining a defendant's motion to dismiss for insufficiency of the evidence, "the question . . . is whether there is substantial evidence (1) of each essential element of the offense charged, . . . and (2) of defendant[ ] being the perpetrator of such offense." *State v. Davenport*, 386 N.C. 454, 460 (2024) (citations omitted). *See also State v. Ford*, 923 S.E.2d 549, 554 (N.C. 2025). "Substantial evidence is the 'amount . . . necessary to persuade a rational juror to accept a conclusion.' " *State v. Beck*, 385 N.C. 435, 438 (2023) (citations omitted) (ellipses in original). "[T]he 'substantial evidence' standard requires only that there be 'more than a scintilla of evidence.' " *State v. Bracey*, 923 S.E.2d 540, 544 (N.C. 2025) (citation and footnote omitted); *see also Ford*, 923 S.E.2d at 559 (Berger, J., concurring) ("[T]he 'more than a scintilla of evidence' standard is not a high bar.").

### B.  Sufficiency of the Evidence

A defendant commits statutory rape or statutory sexual offense "if the

defendant engages in vaginal intercourse [(statutory rape) or in a sexual act (sexual offense)] with another person who is 15 years of age or younger and the defendant is at least 12 years old and at least six years older than the person, except when the defendant is lawfully married to the person." N.C.G.S. §§ 14-27.25(a), 14-27.30(a). "Sexual act" includes "anal intercourse[ ] but does not include vaginal intercourse." N.C.G.S. § 14-27.20(4). A victim's testimony is all that is necessary for "the jury to find beyond a reasonable doubt that the [sexual abuse] . . . in fact occurred." *State v. Bruce*, 315 N.C. 273, 281 (1985) (holding that the victim's testimony about the defendant's penetration was alone sufficient to convict the defendant despite testimonial discrepancies); *State v. Gibbs*, 293 N.C. App. 707, 713–14 (2024).

In his brief, Defendant cites the applicable standard of review, but beyond that he cites no other legal authority, nor does he argue that the State failed to offer sufficient evidence of a particular element—indeed, Defendant fails to even cite the relevant statutes. Accordingly, Defendant abandoned his argument that the trial court erred in denying his motion to dismiss. N.C. R. App. P. 28(b)(6); *see State v. Alston*, 341 N.C. 198, 224 (1995) ("[A]n assignment of error is deemed abandoned if the defendant fails to cite reasonable authority in its support.").

However, assuming *arguendo*, Defendant did not abandon his argument by failing to cite reasonable authority, we hold the trial court did not err. *See id.* ("Assuming, *arguendo*, that this assignment of error is not abandoned by the defendant's failure to cite reasonable authority, we find no error[.]") Defendant does

not argue the State failed to prove an element of the crimes which he was convicted of or that he was not the perpetrator. Rather, he argues, as compared to the evidence of Diane's claims, the evidence offered tending to show Defendant raped and sexually assaulted Annie was "brief[,]" "extremely suspect[,]" and "incredible." However, "[i]t is not the function of this Court to pass on the credibility of witnesses or to weigh the testimony." *State v. Hanes*, 268 N.C. 335, 339 (1966).

Here, Annie testified that Defendant vaginally and anally penetrated her with his penis, Annie was twelve years old at the time of the incident, Defendant was in his thirties and more than six years older than Annie, and Defendant and Annie were never lawfully married. Her testimony establishes each element of the applicable crimes. According to our Supreme Court's decision in *Bruce*, "[nothing] more was required to permit the jury to find beyond a reasonable doubt that the [sexual abuse] . . . in fact occurred." 315 N.C. at 281. Thus, the State presented more than a scintilla of evidence that Defendant was the perpetrator and committed each element of the offenses.

III. Conclusion

Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges FLOOD and FREEMAN concur.

Report per Rule 30(e).